## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

   vs.                             No. CR 02-0480 LH

THOMAS RAMIREZ,

      Defendant-Appellant.

## OPINION AND ORDER

**THIS MATTER** comes before the Court on appeal from the judgment of conviction and sentence of United States Magistrate Judge Richard L. Puglisi (Docket No.25). Appellant Thomas Ramirez pleaded guilty to simple misdemeanor assault committed on an individual under the age of sixteen years within Indian country in violation of 18 U.S.C. § 1153(a) and 18 U.S.C. § 113(a)(5). Judge Puglisi sentenced the Appellant to two years' probation, with both standard and special conditions, and ordered that he make restitution to the San Juan Regional Medical Center for the cost of treatment to the victim.

The Appellant appealed his plea and sentence to the United States Court of Appeals for the Tenth Circuit, which dismissed due to lack of jurisdiction. The Court of Appeals transferred the appeal to this Court, which has appellate jurisdiction pursuant to 18 U.S.C. § 3402. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the

applicable law, and otherwise being fully advised, finds that the Appellant's ineffective assistance of counsel claim is not properly before this Court on direct appeal, and is therefore **dismissed**. In all other respects, the judgment of the Magistrate Judge is **affirmed**.

## I. Background

On December 12, 2000, a ten-year old boy was treated for abrasions and contusions to his face and a possible concussion in the emergency room of the San Juan Regional Medical Center in Farmington, New Mexico.  The victim complained of dizziness, blurred vision, and pain.  The New Mexico Children, Youth and Families Department (CYFD) investigated the incident as possible child abuse, and the victim related to the CYFD authorities, and later to federal investigators, that the Appellant, the victim's stepfather, had kicked him in the face at their home on the Navajo Reservation.

The victim was removed from the custody of his mother, a Caucasian living on the reservation with the Appellant, by CYFD.  The Eleventh Judicial District Court of the State of New Mexico ruled at a custody hearing that the child remain in state custody and that both the Appellant and the victim's mother undergo counseling and drug and alcohol treatment.[1]  The Appellant is an enrolled member of the Oglala Sioux Indian Tribe in Pine Ridge, South Dakota, and the crime was committed within Indian country in the State and District of New Mexico, creating federal criminal jurisdiction pursuant to 18 U.S.C. § 1153.  The United States charged the Appellant by Information with one count of simple misdemeanor assault on a child less than

---

[1]The victim has since returned to the custody of his mother and the Appellant.

sixteen years of age within Indian country.

The Appellant originally pleaded not guilty to the Information, but later pleaded guilty pursuant to a plea agreement.  At his plea and sentencing hearing, the Magistrate Judge questioned the Appellant regarding the specifics of the crime, found his plea to be knowing and voluntary, and found him guilty of the offense charged.  Judge Puglisi then sentenced the Appellant to two years' probation, with the standard conditions and the following special conditions: 1) the Appellant shall not possess firearms, explosives, or other dangerous weapons; 2) the Appellant shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants; 3) the Appellant shall participate in a substance abuse program, which may include testing; 4) the Appellant shall participate in a mental health program, "as directed and approved by the United States Probation Office;" and 5) the Appellant shall make restitution in the amount of $1,066.25 for the victim's treatment at the San Juan Regional Medical Center in Farmington.

The Appellant timely filed a Notice of Appeal in the United States Court of Appeals for the Tenth Circuit, which dismissed due to lack of jurisdiction and transferred the appeal to this Court.  The Appellant's attorney's motion to withdraw was then granted, and another attorney was appointed to represent the Appellant on appeal.

The Appellant now alleges four grounds for reversal.  First, the Appellant argues that his guilty plea is invalid, and his conviction must therefore be set aside, because his defense counsel failed to ascertain that the Appellant in fact wished to plead not guilty and go to trial.  Second, the Appellant contends that his sentence of two years' probation is excessive under Section 5B1.2 of the United States Sentencing Guidelines, in light of the Appellant's two-year period of

psychological and psychiatric counseling and alcohol and drug screening by CYFD in connection with the original state child abuse case.  Third, the Appellant argues that the special condition prohibiting the Appellant from use or possession of beer, wine, liquor and other forms of intoxicants must be vacated as not reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553, given that the Appellant stopped drinking twenty years ago and has undergone two years of alcohol testing and treatment under state supervision.  Fourth, the Appellant argues that the special condition requiring him to participate in a mental health program "as directed and approved by the United States Probation Office" must be remanded for re-sentencing because it is an improper delegation of authority to a probation office in violation of Section 5B1.3(d)(5) of the Untied States Sentencing Guidelines.

## II.  Subject Matter Jurisdiction

The Appellant filed his Notice of Appeal in the United States Court of Appeals for the Tenth Circuit.  However, his appeal should have been to this Court.  "In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  18 U.S.C. § 3402.  The Court of Appeals dismissed the appeal for lack of jurisdiction and transferred the appeal to this court, noting that "[t]he notice of appeal...is sufficient to effect an appeal to the district court."  Order (Docket No. 30), filed February 27, 2003.

Nothing in 18 U.S.C. § 3402 confers upon the United States Courts the ability to transfer cases.  Furthermore, if the Court of Appeals was without jurisdiction to hear the Appellant's appeal, it was presumably without jurisdiction to transfer it to this Court, or to do anything else

for that matter.  However, the Court of Appeals is correct that "a defective notice of appeal does not justify dismissal where the intention to appeal to a certain court of appeals may be reasonably inferred from the notice, and where the defect has not materially misled the appellee."  *United States v. Neal*, 774 F.2d 1022, 1023 (10th Cir. 1985) (internal quotation marks and citation omitted).  The Appellant's intention to appeal was obvious from his notice, which was timely if nothing else, and there has been no suggestion that the United States has been prejudiced by the misdesignation of the appropriate court to which to appeal the case.  The appeal is properly before this Court, though by virtue of the Appellant's notice, sufficient in this case, and not of the *ultra vires* "transfer" by the Court of Appeals.


### III.  Standard of Review

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 10 days of its entry."  FED. R. CRIM. P. 58(g)(2)(B).  "The defendant is not entitled to a trial de novo by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  FED. R. CRIM. P. 58(g)(2)(D).


### IV.  Discussion

A.  Ineffective Assistance of Counsel

The Appellant challenges his guilty plea as invalid because it was not knowing and voluntary, "in that defense counsel failed to ascertain that Appellant in fact wished to plead not guilty and wished to go to trial."  Appellant's Brief in Support of Appeal (Docket No. 49) at 10.

The Appellant asserts that he "expressed reservations about pleading guilty to defense counsel," and indicated to a legal aid representative in Shiprock "that he was in fact innocent of the crime of which he was convicted...and that he only admitted to the crime in order to get his son back." *Id.* at 11.  He argues that this "apparent serious misunderstanding between Appellant and his defense counsel" renders his guilty plea "invalid because it is not knowing and voluntary."  *Id.* To prevail on this claim, the Appellant would have to show that his defense counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."  *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "This encourages development of a record on the tactical reasons for trial counsel's decisions, the extent of trial counsel's alleged deficiencies, and the asserted prejudicial impact on the outcome of the trial."  *Beaulieu v. United States*, 930 F.2d 805, 807 (10th Cir. 1991) (internal quotation marks and citations omitted).

The Appellant's claims were not addressed to the Magistrate Judge in the first instance,[2]

---

[2]References in the pertinent cases to the "district court" and the "appellate court" must, of course, be considered relatively.  In this case, the Magistrate Judge was acting as the trial court in accepting the Appellant's guilty plea and sentencing him.  This Court now sits in judgment of the appeal of the Magistrate Judge's decisions. The Appellant asserts that this Court may decide his claim because it has been addressed to the district court in the first instance.  Appellant's Brief in Support of Appeal (Docket No. 49) at 2.  However, that is not what our precedent requires.  *See Alexander*, 292 F.3d at 1229; *Galloway*, 56 F.3d at 1240.  Those cases do not intend that a district court may address claims of ineffective assistance of counsel when the judgment of a magistrate judge is appealed to that court.  Despite being addressed to the district court, the claim would still be considered in the first instance on direct appeal.  This result is expressly precluded by the binding precedent: "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."  *Galloway*, 56 F.3d at 1240.

but raised for the first time in the Appellant's appellate brief.  "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed."  *Galloway*, 56 F.3d at 1240.  Curiously, the Appellant himself asserts that he could not have raised his ineffective assistance claim at trial.  Appellant's Reply Brief (Docket No. 54) at 2.  That is of course correct.  It is also the reason why he cannot raise the claim on direct appeal.  There was no record to substantiate the Appellant's claim before the Magistrate Judge and none before this Court.[3]

The Appellant also argues that the only available record on the issue is defense counsel's motion to withdraw.  Because that motion is before the Court, the Appellant argues that this is the exceptional case in which a court may consider claims of ineffective assistance of counsel on direct appeal because there is no factual record to develop.  *Galloway*, 56 F.3d at 1240.  In fact, the Presentence Report, the Plea Agreement, a transcript of the proceedings before Judge Puglisi, and defense counsel's motion to withdraw are all available to this Court.  However, that record is not the properly developed factual record that would allow this Court to meaningfully address the Appellant's claim of ineffective assistance of counsel to be on direct appeal.  *See United States v. Alexander*, 292 F.3d 1226, 1229 (10th Cir. 2002); *Galloway*, 56 F.3d at 1240; *Beaulieu*, 930 F.2d at 807.  There is no evidence, and only a very little argument, in any of those documents that would allow the Court to determine whether there is a reasonable probability that, but for his counsel's errors, the Appellant would not have pleaded guilty and would have insisted on going

---

[3]If the Appellant's claim was brought in a collateral proceeding, the court would be required to hold an evidentiary hearing on the prisoner's claims "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim."  *Galloway*, 56 F.3d at 1240.  It is this sort of record, and not the assertions in the Appellant's briefs, that are required to decide an ineffective assistance of counsel claim.  *See United States v. Alexander*, 292 F.3d 1226, 1229 (10th Cir. 2002); *Galloway*, 56 F.3d at 1240; *Beaulieu*, 930 F.2d at 807.

to trial.  *Hill*, 474 U.S. at 58-59.  The Appellant's claim that his guilty plea was not knowing and

voluntary, and is therefore invalid, is dismissed.


B.  Length of Probation

The Appellant contends that his sentence of two years' probation is excessive under

Section 5B1.2 of the United States Sentencing Guidelines, in light of the fact that he was placed in

a two-year program of psychological and psychiatric counseling and drug and alcohol screening

by CYFD in connection with the state child abuse case.  The Appellant pleaded guilty to simple

assault that involved physical contact, which carries a base offense level of six.  U.S. SENTENCING

GUIDELINES MANUAL § 2A2.3.  According to the terms of the Appellant's Plea Agreement, the

Appellant received a two-level reduction from the base offense level for demonstrating a

recognition and affirmative acceptance of personal responsibility and the four-level enhancement

for substantial bodily injury did not apply.  Plea Agreement (Docket No. 24) at 4.[4]  Despite sixty-

five criminal convictions as an adult, more than a conviction and a half for each year since he

turned eighteen, the Appellant inexplicably had only one criminal history point, resulting in a

criminal history category of one.  Form 13 Presentence Report at 11.  The Sentencing Guidelines

thus called for a sentence of between zero and six months, in Zone A of the Guidelines

Sentencing Table.  U.S. SENTENCING GUIDELINES MANUAL § 5A.

Because the applicable guideline range was within Zone A, a sentence of probation was

authorized.  *Id.* § 5B1.1.  Because probation was authorized and the offense level was less than

---

[4]The stipulations in the Plea Agreement were not binding on the sentencing court, Plea Agreement (Docket No. 24) at 4, but Judge Puglisi exercised his discretion to accept them.  Tr. at 10.

six, the term of probation was required to be no more than three years.  *Id.* § 5B1.2.  "Within the guidelines set forth in this section, the determination of the length of a term of probation is within the discretion of the sentencing judge."  *Id.* § 5B1.2, cmt. background.

A defendant may appeal a sentence imposed by a Magistrate Judge that is with the applicable guideline if that sentence was imposed in violation of law or was imposed as a result of an incorrect application of the Sentencing Guidelines.  18 U.S.C. § 3742(h); 18 U.S.C. § 3742(a); *United States v. Garcia*, 919 F.2d 1478, 1479 n.3 (10th Cir. 1990).  If the appellate court determines that "the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate."  18 U.S.C. § 3742(f)(1).  If the court determines that the sentence was neither imposed in violation of law nor imposed as a result of an incorrect application of the sentencing guidelines, "it shall affirm the sentence."  18 U.S.C. § 3742(f)(3).

The Appellant concedes, as he must, that his sentence was "well within sentencing guidelines," Appellant's Brief in Support of Appeal (Docket No. 49) at 14, but his argument is neither that the sentence was imposed in violation of the law nor that it was imposed as a result of an incorrect application of the Sentencing Guidelines.  The Appellant therefore cannot challenge the length of his term of probation on appeal, and the sentence should be affirmed.

The Appellant argues that the plain error doctrine[5] permits this Court to review the length of his term of probation despite the fact that it was not preserved below.  However, this Court has

---

[5]FED. R. CRIM. P. 52(b); *United States v. Cotton*, 535 U.S. 625, 631 (2002).

not proceeded so far as to determine that the issue was not preserved before the Magistrate

Judge.  The Appellant's argument is not an appropriate legal ground on which to challenge the

length of his sentence, irrespective of the court to which it is first addressed.  The issue was not

properly presented to this Court, and this Court will not consider it.  The Appellant's sentence

was within the applicable Guideline range, but the Appellant does not argue that the sentence was

imposed in violation of the law nor that it was imposed as a result of an incorrect application of

the Sentencing Guidelines.  He may not challenge a sentence within the Guidelines on other

grounds, regardless of the applicable standard of review.  18 U.S.C. § 3742(a).

Finally, the substance of the Appellant's argument is entirely frivolous.  Even if he had

challenged the length of his sentence on an appropriate legal ground that was properly preserved

for appeal, the Appellant has wholly failed to show how his counseling and screening, which was

ordered by a state court, should limit the length of his term of probation.  The Appellant claims

that, although within the Guideline range, his sentence of two years' probation is excessive

because he was placed in psychological and psychiatric counseling and alcohol and drug

screening for a period of two years.  What the Appellant believes one thing has to do with the

other is unclear, but his counseling and screening in no way confine the length of his sentence.

CYFD investigated the victim's injuries as possible child abuse and then removed the

victim from the custody of his mother and the Appellant due to the history of abuse and the

mother's inability to protect the victim.  Appellant's Brief in Support of Appeal (Docket No. 49)

at 4.  At a civil custody hearing, the Eleventh Judicial District Court of the State of New Mexico

required the aforementioned counseling and screening as conditions to returning the victim to the

custody of his mother and the Appellant.  *Id.*  The Appellant was then charged with a federal

crime and sentenced for it by a federal court.  The conditions imposed by a state court on the

Appellant's custody of his stepson do not, and cannot, in any way limit the ability of a United

States Court to sentence a defendant within its criminal jurisdiction according to the applicable

federal law.  The Appellant was properly sentenced according to the United States Sentencing

Guidelines, not a New Mexico district court's decision in a civil child custody hearing.  That court

has no more authority to dictate Judge Puglisi's actions than he does to dictate that court's.  The

Appellant's sentence was within the Guideline range and perfectly appropriate, if not lenient

considering the Appellant's abhorrent conduct and criminal record.  The length of the term of his

probation is affirmed.


C.  Use and Possession of Intoxicants

      The Defendant contends that the special condition of probation prohibiting the Appellant

from using or possessing beer, wine, liquor, or other forms of intoxicants must be vacated

because it is not reasonably related to the governing sentencing factors.  The coincidentally-styled

*United States v. Pugliese*, 960 F.2d 913, 915 n.3 (10th Cir. 1992), held that sentencing

determinations involving conditions of probation are reviewed for abuse of discretion.  The

Appellant appears to concede in his reply brief, however, that his challenge to this special

condition was not addressed to the Magistrate Judge.  Appellant's Reply Brief (Docket No. 54) at

4-5.  Legal challenges to a sentence that were not raised below are reviewed only for plain error.

*United States v. Walser*, 275 F.3d 981, 987 (10th Cir. 2001).

      Under the plain error standard, for a court to correct on appeal an error not raised at trial,

"there must be (1) error, (2) that is plain, and (3) that affects substantial rights.  If all three

conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 631 (2002) (internal quotation marks and citations omitted).

In addition to the mandatory conditions that accompany each sentence of probation, the sentencing court may impose additional, discretionary conditions,[6] so long as they relate to the factors listed in 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2) and only deprive the defendant of his liberty or property to the extent reasonably necessary to achieve the purposes listed in the latter of those sections. 18 U.S.C. § 3563(b). "The court, in determining the particular sentence to be imposed, shall consider...the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The Appellant is correct that the nature and circumstances of the offense do not indicate that alcohol was related or caused the Appellant to act as he did. In fact, the Appellant asserts that he has "remained drug and alcohol free for several years."[7] Appellant's Reply Brief (Docket No. 54) at 4. However, the history and characteristics of the defendant illustrate that the special condition imposed by Judge Puglisi was perfectly appropriate. The Appellant has collected a remarkable sixty-five criminal convictions as an adult. Form 13 Presentence Report at 6-16. Of

---

[6]The condition that the Appellant alleges was erroneously imposed is not included in those listed in 18 U.S.C. § 3563(b), but that section concludes, "the court may provide...that the defendant...satisfy such other conditions as the court may impose." 18 U.S.C. § 3563(b)(22).

[7]The Appellant alternatively asserts that he has "remained drug and alcohol free for several years," Appellant's Reply Brief (Docket No. 54) at 4, and that "Testimony at the Plea and Sentencing Hearing on December 27, 2002 was that Appellant stopped drinking about twenty years ago," Appellant's Brief in Support of Appeal (Docket No. 49) at 15. The United States is correct that there was no testimony at the Appellant's hearing. The relevant inquiry is into "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court therefore finds the date on which the Appellant had his last drink irrelevant.

those, at least thirty-four involved alcohol, including four convictions for driving while intoxicated. *Id.* Three of these were felony offenses, and the last resulted in his Nebraska driver's license being permanently suspended. *Id.*

The sentencing court shall also consider "the need for the sentence imposed...(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Since alcohol was not directly related in the Appellant's criminal conduct, the first factor does not necessarily support the imposition of the condition. The second factor does, however, in light of the Appellant's extraordinary criminal career. A majority of the Appellant's criminal offenses involved alcohol, and his voluntary cessation of alcohol consumption in no way reassures the Court that he will remain abstinent. His sobriety has not prevented the Appellant from running afoul of the law, but it certainly appears from his record that the Appellant is more likely to commit crimes while drinking.[8] Prohibiting the Appellant from consuming alcohol serves to deter future criminal conduct on his part. It also serves to protect the public from further crimes, the third statutory factor. Four of the Appellant's thirty-four alcohol-related criminal offenses were driving while intoxicated. It is only by chance that the Appellant did not kill or injure himself or someone else during one of these episodes. Prohibiting the Appellant

---

[8]An alternative conclusion, not at all helpful to the Appellant, is that there was never a period in which he was not drinking or not committing crimes, creating the appearance that he only committed crimes while drinking.

from drinking protects the public from the crimes he is wont to commit when he is not sober. Finally, the final factor weighs neither in favor of nor against the imposition of the special condition of probation.

Additionally, a discretionary special condition of probation may only deprive the defendant of his liberty or property to the extent reasonably necessary to achieve the purposes listed in 18 U.S.C. § 3553(a)(2), which are repeated above.  To reiterate, in light of the Appellant's criminal history, the condition prohibiting him from using alcohol may be the most effective tool available to deter criminal conduct and protect the public from further crimes.  The Appellant's voluntary cessation of his consumption of alcohol does not guarantee his continued abstinence. And, while that abstinence from alcohol has not directly resulted in an abstinence from crime, there can be no doubt either than the Appellant cannot control his drinking or that he is more prone to commit crimes while he is drinking.  There was no error in the imposition of the special condition.

Two Courts of Appeals have considered the imposition of conditions entirely prohibiting the consumption of alcohol, and affirmed them under less deferential standards of review than the one applicable here.  *United States v Schave*, 186 F.3d 839 (7th Cir. 1999); *United States v Miller*, 549 F.2d 105, 106 (9th Cir. 1976).  Also, in *United States v. Prendergast*, 979 F.2d 1289 (8th Cir. 1992), the United States Court of Appeals for the Eighth Circuit struck down special conditions of probation prohibiting the defendant from using alcohol, requiring him to submit to testing, and permitting warrantless searches of the defendant's home, vehicle or person at any time.  *Id.* at 1292.  Noting that the defendant had pled guilty to wire fraud, that alcohol was not involved in the offense, and that there was nothing in the record to indicate that the defendant

-14-

was an alcoholic or committed the crime in order to support a drug habit, the Court of Appeals

found that the condition was not reasonably related to the defendant's offense and remanded the

case for resentencing. *Id.* at 1293. The condition at issue in *Prendergast* was clearly more

intrusive than the one to which the Appellant has been subjected, however, and deprived the

defendant of his liberty well beyond the extent reasonably necessary to achieve the purposes

listed in 18 U.S.C. § 3553(a)(2). *Prendergast* is distinguishable and does not render the special

condition in question in this case unenforceable.

      The Appellant again raises the alcohol and drug counseling and treatment imposed by the

state district court during its custody hearing, arguing that his successful completion makes the

special condition imposed by the Magistrate Judge not only unnecessary, but plain error. The

Court has addressed that treatment regimen at length, and will not repeat that discussion here. It

shall suffice for present purposes to state that the judgment of a state court does not affect the

decisions of this Court or those of the Magistrate Judge. If anything, that court-ordered treatment

and counseling show merely that another tribunal has found the Appellant's history of alcohol

abuse sufficiently troubling to condition his custody of his stepson on his abstinence.

      This Court does not consider Judge Puglisi's imposition of the special condition error, let

alone plain error. The Court recognizes that, despite the Appellant's voluntary sobriety, the

condition of probation prohibiting the Appellant from using or possessing alcohol curtails his

liberty to consume legal intoxicants and, as such, affects one of his rights. In light of the

Appellant's concession that he has not consumed alcohol for several years, however, it is

questionable whether this right is "substantial" for the purposes of *Cotton*. Even if the

imposition of the condition was plain error, though, it did not seriously affect the fairness,

integrity, or public reputation of judicial proceedings.  *Cotton*, 535 U.S. at 631.  The Appellant

wholly fails to explain why he believes that the final *Cotton* prong is met, and the Court finds

that it has not been.  The Court therefore cannot exercise its discretion to notice the error the

Appellant forfeited at his sentencing hearing.  *Id.*  The imposition of the special condition of

probation prohibiting the Appellant from the use or possession of beer, wine, liquor, and other

forms of intoxicants is affirmed.


D.  Mental Health Program

       Finally, the Appellant contends that the special condition requiring the Appellant to

participate in a mental health program "as directed and approved by the United States Probation

Office" must be remanded for re-sentencing because it is an improper delegation of authority to a

probation officer in violation of Section 5B1.3(d)(5) of the Untied States Sentencing Guidelines.[9]

Because the Appellant failed to raise this issue before Judge Puglisi as well, it is reviewed for

plain error.  *Walser*, 275 F.3d at 987.

       The language of the Magistrate Judge's judgment and sentence (Docket No. 25) is that the

Appellant "shall participate in a mental health program as directed and approved by the U.S.

Probation Office."  The Appellant argues that this mandate gives the Probation Office the

authority to determine whether or not the Appellant should attend the mental health program,

which is an improper delegation of judicial authority.  The Appellant asserts that the order is

---

[9]U.S. SENTENCING GUIDELINES MANUAL § 5B1.3(d) states, "[t]he following 'special' conditions of probation are recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases:...(5)Mental Health Program Participation.  If the court has reason to believe that the defendant is in need of psychological or psychiatric treatment--a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office."

ambiguous, requiring this Court to remand it for resentencing.

The Appellant does not argue that Judge Puglisi did not have the authority to order him to attend a mental health program, and there is no question that he did.  18 U.S.C. § 3563(b); U.S. SENTENCING GUIDELINES MANUAL § 5B1.3(d)(5).  In order, then, to determine whether the condition of probation is in fact an improper delegation of judicial authority to the Probation Office, it must be determined what was required by the language of the judgement.  Judge Puglisi ordered that the Appellant "shall participate in a mental health program as directed and approved by the U.S. Probation Office."  Judgment (Docket No. 25), filed Jan. 6, 2003.  While this language differs from that of the Guideline, it is clear to this Court that the judgment of the Magistrate Judge was that the Appellant shall participate in a mental health program, and that the Probation Office was to direct the Appellant to a mental health program of which it approved.  The Probation Office could not have found in the language of that judgment the discretion to allow the Appellant to successfully complete his probationary sentence without participating in a mental health program, and that is certainly not what the Magistrate Judge intended.

Beyond the plain language of Judge Puglisi's order, this conclusion is required by both common sense and linguistic norms.  As to the former, the Magistrate Judge is well versed in the procedure of sentencing criminal defendants and with the Sentencing Guidelines, including § 5B1.3(d).  He is no doubt aware that the Appellant's sentence was for him to decide and not the Probation Office.  Likewise, the Probation Office is not in the habit of deciding the sentences of criminal defendants.  With regard to the latter, the grammatical "rule of the last antecedent" states that a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows.  *Barnhart v. Thomas*, ___ U.S. ___, 124 S.Ct. 376, 380-81 (2003)

(citing 2A N. Singer, Sutherland on Statutory Construction § 47.33, p. 369 (6th rev. ed. 2000) ("Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.")). "While this rule is not an absolute and can assuredly be overcome by other indicia of meaning, we have said that construing a statute in accord with the rule is quite sensible as a matter of grammar." *Id.* (internal quotation marks and citation omitted). There being no indicia of an alternate meaning in the judgment of the Magistrate Judge, this Court is confident that his intent was to require the Appellant to participate in a mental health program in order to successfully complete his sentence. The United States Probation Office was to direct the Appellant to an appropriate program of which it had approved.

The Appellant cites *United States v. Peterson*, 248 F.3d 79 (2d Cir. 2001), for the proposition that the district court's condition of probation that the defendant "enroll, attend and participate in mental health intervention...as directed by the U.S. Probation Office," *id.* at 84-85, was both ambiguous and an improper delegation of judicial authority. Appellant's Brief in Support of Appeal (Docket No. 49) at 17. That is not what *Peterson* held. The United States Court of Appeals for the Second Circuit found the language at issue was ambiguous, and then found that it would be an improper delegation of judicial authority if it intended to require the defendant to attend the intervention only if he was ordered to do so by the Probation Office. *Id.* at 85. The court continued, "[o]n the other hand, if the District Court was intending nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program, such delegation was proper." *Id.*

The same is true in this case. Judge Puglisi could not have left it to the United States Probation Office to decide whether the Appellant would be required to participate in a mental

-18-

health program.  However, it is clear from the judgment, in light of the language of the governing

Guideline, that the Appellant was required to participate in a mental health program.  The

Probation Office was to direct the Appellant to a mental health program of which it approved.

There was no error in imposing the special condition of probation, and certainly not sufficient

plain error to "seriously affect the fairness, integrity, or public reputation of judicial proceedings."

*Cotton*, 535 U.S. at 631.  The imposition of this special condition of probation is affirmed.


## V.  Conclusion

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not

on direct appeal."  *Galloway*, 56 F.3d at 1240.  The Appellant's claim was not addressed to the

Magistrate Judge, and this Court is without a sufficient factual record to decide it.  The

Appellant's ineffective assistance of counsel claim is dismissed.

The length of the Appellant's term of probation was within the Sentencing Guidelines,

and he does not assert that the sentence was imposed in violation of law or imposed as a result of

an incorrect application of the Sentencing Guidelines.  His argument is therefore an inappropriate

legal ground on which to challenge his sentence.  Furthermore, the conditions a state district

court imposed on the Appellant's custody of his stepson are wholly irrelevant to the sentence he

receives from a United States Magistrate Judge for committing a federal crime.  The length of the

Appellant's term of probation is affirmed.

The special condition of probation prohibiting the Appellant from using or possessing

alcohol was related to the factors listed in 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2), and did not

deprive him of his liberty beyond the extent necessary to achieve the purposes listed in 18 U.S.C.

§§ 3553(a)(2).  Even if that condition was imposed in error, it was not sufficiently erroneous to affect the fairness, integrity, or public reputation of judicial proceedings.  The imposition of this special condition of probation is affirmed.

The special condition of probation requiring the Appellant to participate in a mental health program was not ambiguous and was not an improper delegation of judicial authority.  The Appellant's sentence required him to participate in a mental health program.  The Probation Office was to direct the Appellant to a mental health program of which it approved.  The imposition of this special condition of probation is affirmed.

**IT IS, THEREFORE, ORDERED** that the Appellant's ineffective assistance claim is **dismissed**.

**IT IS FURTHER ORDERED** that, in all other respects, the judgment of the United States Magistrate Judge is **affirmed**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**